UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDANA ELIZABETH HERMEY,

                                      Plaintiff,         Case # 18-CV-358-FPG

v.

                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

## INTRODUCTION

Edana Elizabeth Hermey brings this action pursuant to the Social Security Act seeking review of the decision of the Social Security Administration ("SSA") to deny her Supplemental Security Income ("SSI") application. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 16. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

Plaintiff protectively applied for SSI on September 22, 2014, alleging disability due to bipolar disorder, autism, and borderline schizophrenia. Tr.[1] 77, 151-56. On September 8, 2016, Plaintiff and a vocational expert ("VE") testified before Administrative Law Judge Hope G. Grunberg ("the ALJ"). Tr. 43-76. On September 30, 2016, the ALJ issued an unfavorable decision.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 10.

Tr. 20-32. After the Appeals Council denied her request for review, Plaintiff appealed to this Court. Tr. 1-7; ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the

application date. Tr. 22. At step two, the ALJ found that Plaintiff has one severe impairment: autism spectrum disorder. Tr. 22-24. At step three, the ALJ found that this impairment does not meet or medically equal the criteria of an impairment in the Listings. Tr. 24-26.

Next, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels with nonexertional limitations. Tr. 26-31. At step four, the ALJ indicated that Plaintiff has no past relevant work. Tr. 31. At step five, the ALJ relied on the VE's testimony to determine that Plaintiff can adjust to work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 31-32. Specifically, the VE testified that Plaintiff can work as a marker, office cleaner, and retail store laborer. Tr. 32. Accordingly, the ALJ concluded that Plaintiff was not disabled. *Id*.

## II.     Analysis

Plaintiff argues that remand is required because the ALJ failed to recognize Dr. Brenda L. Bierdeman as a treating physician and to properly apply the treating physician rule. ECF No. 11 at 11-16. The Court remands this case because the ALJ violated the treating physician rule, and therefore it does not address Plaintiff's remaining arguments.

The Second Circuit has defined a treating physician as one "who has provided the individual with medical treatment or evaluation and who has or had an ongoing treatment and physician-patient relationship with the individual." *Coty v. Sullivan*, 793 F. Supp. 83, 85-86 (S.D.N.Y. 1992) (quoting *Schisler v. Bowen*, 851 F.2d 43, 46 (2d Cir. 1988)); *see also* 20 C.F.R. § 416.927(a)(2).

Under the treating physician rule, the ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."

4

20 C.F.R. § 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). Remand is appropriate if the ALJ does not provide good reasons for rejecting a treating physician's opinion. *Newbury v. Astrue*, 321 F. App'x 16, 17 (2d Cir. 2009) (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)) (summary order).

When a treating physician's opinion is not given controlling weight, the ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6).

Here, the ALJ characterized Dr. Bierdeman as a consultative examiner, even though the record indicates that Dr. Bierdeman met with Plaintiff on at least three occasions, was in regular contact with Plaintiff and her mother, administered a variety of tests, and gave two evaluations of Plaintiff's condition. Tr. 370-76, 406-13. This constitutes medical treatment and an ongoing treatment and physician-patient relationship and satisfies the requirements for a treating physician. *Coty*, 793 F. Supp. at 85-86.

Because Dr. Bierdeman was one of Plaintiff's treating physicians, the ALJ had to give good reasons for not assigning controlling weight to Dr. Bierdeman's opinion. She did not do so. The

ALJ gave Dr. Bierdeman's opinion "partial weight" because, "[a]lthough the evidence demonstrates the claimant has limitations in functioning, the records do not support marked restrictions or limitations in excess of those provided in the residual functional capacity." Tr. 29. The ALJ does not demonstrate that she considered the relevant factors listed above, nor does she explain how or why she determined that the record does not support Dr. Bierdeman's opinion. Without more, the ALJ has not provided Plaintiff or the Court with good reasons for rejecting that opinion, and her conclusory evaluation of Dr. Bierdeman's opinion mandates remand. *Marchetti v. Colvin*, No. 13-CV-02581(KAM), 2014 WL 7359158, at *13 (E.D.N.Y. Dec. 15, 2014) (*quoting Ely v. Colvin*, No. 14-CV-6641P, 2016 WL 315980, at *4 (W.D.N.Y. Jan. 27, 2016) ("[A]n ALJ may not reject a treating physician's opinion based solely on such conclusory assertions of inconsistency with the medical record.")). Accordingly, the Court remands this case for further administrative proceedings.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 15, 2019
    Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court